<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ESTATE OF SISIL SENEL, <br><br> *Plaintiff,* <br><br> v. <br><br> HONORABLE SCOTT TURNER in his official capacity as SECRETARY of the UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, and J. ERIC KISHBUAGH, ESQ. in his capacity as foreclosure commissioner et al., <br><br> *Defendants.* | Civil Action No. 25-01447 <br><br> **OPINION** <br><br> February 25, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff Estate of Sisil Senel's Complaint and emergency motion for a temporary restraining order, filed on an ex parte basis, against the Honorable Scott Turner, Secretary of the United States Department of Housing & Urban Development, and J. Eric Kishbaugh, Esq, Foreclosure Commissioner ("Defendants"). (ECF 1, "Compl"; ECF 2, "Pl. Br.")  The Court has reviewed the papers and concludes that Plaintiff has not demonstrated, as required by Local Civil Rule 65.1, that issuance of emergency relief, without notice to Defendants, is warranted. For the reasons stated below, Plaintiff's motion is **DENIED**.

**WHEREAS** Plaintiff inherited a property at 9 Longview Avenue, Randolph Township, New Jersey ("Property") following his mother's death on January 6, 2023.  (Compl. ¶¶ 1-2.) Plaintiff currently resides at the Property. (*Id.* ¶ 3.)  Plaintiff alleges that he has continued to pay the quarterly property taxes since his mother's death. (*Id.*)  On February 7, 2025, Plaintiff received a Notice of Default and Foreclosure Sale, setting the date for the sale of the Property for February

25, 2025. (*Id.* ¶ 4.) Plaintiff alleges that the Property is currently listed for $549,750 and that a fair market sale will provide Plaintiff with $50,000 of equity. (*Id.* ¶ 15.) Plaintiff initiated the instant action in federal court on February 24, 2025 requesting temporary relief to adjourn the sale of the Property, scheduled for 10:00am on February 25, 2025. (*Id.* ¶¶ 20, 21.) Plaintiff "is not seeking to keep the property or prohibit the Commissioner's sale," but rather requests an adjournment in order to recoup his $50,000 equity interest in the Property. (*Id.* ¶ 20.) Plaintiff acknowledges that if the Commissioner's sale is successful, the State of New Jersey "would likely" bring an ejectment action against the Plaintiff. (Pl. Br. at 3.) Plaintiff has not provided the Court with information about or the reason for the State's foreclosure on his Property; and

**WHEREAS** granting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). To determine whether to grant such a remedy, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation[;]" (2) whether the movant "will be irreparably injured . . . if relief is not granted[;]" (3) "the possibility of harm to other interested persons from the grant or denial of the injunction[;]" and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)); and

**WHEREAS** Local Civil Rule 65.1 states that "no order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." L. Civ. R. 65.1. Under the rule, an order to show cause may include temporary restraints "only under the conditions set forth in Fed. R. Civ. P. 65(b)." *Id.* Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be issued without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1); and

**WHEREAS** Plaintiff has otherwise failed to set forth "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). The recourse Plaintiff seeks here is monetary in nature; moreover, Plaintiff's Complaint does not allege irreparable harm insofar as he would *not* be immediately ejected from the Property following the Commissioner's sale. Plaintiff's Complaint has also failed to allege facts that establish a likelihood of success on the merits in the litigation. *See Reilly*, 858 F.3d at 176. Plaintiff supplies this Court with insufficient information about the circumstances around the foreclosure and sale of the Property, as well as his proposed cause of action, to make such a finding. Accordingly, Plaintiff's motion for a temporary restraining order is **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Parties

4